JOHN A. WEEMS, APPELLEE, V. JOHN O'HARE, APPELLANT; EDNA M. WEEMS, APPELLEE.

FILED MARCH 11, 1932. No. 28202.

*Joseph E. Daly* and *Joseph R. Shields,* for appellant.

*Kemp & Brower, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

The defendant, John O'Hare, appeals from a decree of foreclosure of one mortgage on 800 acres, found to be a first lien in favor of plaintiff, and of another mortgage on the same land in favor of defendant Edna M. Weems, found to be a second lien. Annie O'Hare, wife of John O'Hare, was also a defendant, but the decree absolved her from personal liability on the notes. The answer of the O'Hares and their brief are long and involve many facts which we find not necessary to discuss in detail. They allege that there was no consideration for the notes and mortgages; that plaintiff, to whom they made the second mortgage and notes, and who is the father of Edna M.

Weems, never transferred them to her; that plaintiff by fraud induced O'Hare to purchase from plaintiff 320 acres of other described land at a fraudulently inflated valuation, taking advantage, as an experienced man of shrewd and calculating qualities, of the timid temperament and easy disposition of O'Hare; that then, having confidence in plaintiff, they were fraudulently induced to enter into other contracts with him, to deliver to him securities of value, to sign papers and to pay him money, and the like, the whole recital of which would serve no useful purpose. They prayed for an accounting and for judgment thereon for the amount found due them, for cancelation of notes, mortgages and deeds, and for a decree quieting their title.

An examination of the evidence shows that the allegations of fraud against the plaintiff were not supported by the proofs, and that the mortgagees were entitled to the amounts found due on their respective mortgages. The real source of the trouble appears to be located in the deflation of the market value of real estate beginning about 1920. Mr. O'Hare was familiar with all the land involved, apparently knew what he was doing in the dealings between the parties, and, evidently with knowledge of the facts upon which he now seeks to establish fraud, by his conduct for years up to a time comparatively short before the bringing of this suit, ratified those acts. At least, he has failed to sustain his burden of proving the fraud, misrepresentation and deceit alleged by him as a defense. The district court, with the opportunity to observe the witnesses, reached this conclusion, which is confirmed by our examination of the record. The judgment of the district court is

AFFIRMED.